E-FILED
Monday, 16 November, 2020  01:54:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC W. LATCHFORD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-3179 |
| | ) | |
| GLEN AUSTIN, et. al., | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Graham Correctional Center and the Illinois Department of Corrections violated his constitutional rights. The body of Plaintiff's complaint is one paragraph.

> While incarcerated at Graham Correctional Center I received threats of bodily harm due to the nature of my case. I am scared for my life and feel I should not have to live that way. Those threats were received by other inmates in receiving with me. The Warden and IDOC failed to prevent these threats. My case information was somehow leaked out and made know to inmates. (Comp, p. 6).

1

There are several problems with Plaintiff's complaint.  First, Plaintiff does not provide a time frame for his allegations. Plaintiff's claims are subject to a two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

Second, Plaintiff must do more than include a general, vague claim. Factual allegations in a complaint must provide enough detail to give "'fair notice of what the … claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(add'l citation omitted).

For instance, "in order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).  Therefore, Plaintiff should state when the threats were made, how often, and a description of what was said.  Plaintiff should identify who he complained to about the threats and what, if any, action was taken.  Plaintiff should indicate whether he was ever injured as a result of those threats.

Third, Plaintiff should identify the specific individuals involved in his claims. For instance, to hold a person liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction

2

or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).   In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).

Plaintiff names only IDOC and the Warden as Defendants but fails to explain how they knew about the threats.  Plaintiff should also identify any complaints he made about the threats, how he complained, and who he told.

For the reasons stated, the Court will dismiss Plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted.  However, the Court will allow Plaintiff additional time to file an amended complaint.

The amended complaint must stand complete on its own, must include all claims against all Defendants, and must not refer to the previous complaint.  Plaintiff's amended complaint should answer the questions outlined in this order.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to clearly state a claim upon which relief can be granted and violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file a motion for leave to amend with a complete proposed complaint attached in compliance with this order within 21 days or on or before December 8, 2020.  If Plaintiff fails to file an amended complaint or before December 8, 2020 or fails to follow the Court's directions, his case will be dismissed without prejudice.

3)  The Clerk is to provide Plaintiff with blank complaint to assist him.  In addition, the Clerk should reset the internal merit review deadline within 30 days of this order.

Entered this 16th day of November, 2020.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE